IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN D. KRUPA, 1082952**, | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:11-CV-288-L** |
| **RICK THALER,** Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is John D. Krupa's Petition for a Writ of Habeas Corpus by a Person in State Custody, filed May 5, 2011. The case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on June 28, 2012. Petitioner filed objections to the Report on July 11, 2012. Petitioner filed a supplement to his objections on July 25, 2012. The court reviewed *de novo* those portions of the Report to which objection was made and reviewed the remaining portions of the Report for plain error.

In his habeas petition, Krupa challenges his state court conviction for aggravated sexual assault of a child on several grounds. The Report recommends that Petitioner's habeas petition be dismissed as time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). This period is tolled while a properly

filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). On June 11, 2003, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. The conviction became final ninety days later on September 9, 2003. *See Roberts v. Cockrell*, 319 F.3d 690, 694-695 (5th Cir. 2003) (State conviction becomes final for limitations purposes when the time for seeking further direct review expires. The issuance of the mandate by the state court of appeals is of no consequence for the purposes of § 2244(d)(1)(A)). Petitioner had one year, or until September 9, 2004, to file his federal petition. Petitioner did not properly file a motion for state post-conviction relief or other collateral review that would justify tolling.

The one-year limitations period is subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Petitioner argues that he is entitled to equitable tolling because he is actually innocent, and his constitutional rights were violated. The Report states that Petitioner's arguments are unavailing because claims of actual innocence do not entitle a petitioner to equitable tolling. Report 5 (citing *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)).

Petitioner objects to the Report because his assertion of actual innocence is not *claimed*; rather, Petitioner asserts that he has presented evidence to the court that overwhelmingly demonstrates his innocence. Petitioner's objections state that the trial court failed to make available a favorable eyewitness whose testimony would have changed the outcome of the trial. Petitioner's supplement explains that the eyewitness was unavailable for trial because the witness had moved to an unknown address. Petitioner further states in his objections that the trial court denied Petitioner access to agency reports that constituted material evidence. In *Henderson v. Thaler*, 626 F.3d 773, 780 (5th Cir. 2010), the court considered whether a *showing*, as opposed to a mere *claim*, of actual innocence would be sufficient to justify equitable tolling. The court declined to create an

**Memorandum Opinion and Order –Page 2**

"actual innocence" exception to the AEDPA statute of limitations. *Henderson*, 626 F.3d at 781. This court also will not create an exception.

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citations omitted); *see also Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.") (citation omitted). With respect to the material evidence and the key witness that Petitioner alleges were not made available, he has not shown some action or inaction on the part of the state that prevented him from discovering the relevant facts in a timely fashion or that he was prevented in some extraordinary way from asserting his rights. Equitable tolling is permitted only in rare and exceptional circumstances, and Petitioner has not shown that he is entitled to equitable tolling. Accordingly, the court **overrules** Petitioner's objections.

After reviewing the pleadings, record in this case, applicable law, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct and **accepts** them as those of the court. The court therefore **dismisses with prejudice** John D. Krupa's Petition for a Writ of Habeas Corpus by a Person in State Custody as barred by the one-year limitations period pursuant to 28 U.S.C. § 2244(d).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP").

**It is so ordered** this 31st day of July, 2012.

Sam A. Lindsay
United States District Judge

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
 **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
 **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Memorandum Opinion and Order –Page 4**